# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PERLAN THERAPEUTICS, INC., | CASE NO. 05cv1855 BEN (BLM) |
|---|---|
| Plaintiff, | **ORDER RE:** |
| vs. | **Defendants' Motion for Attorney's Fees (Dkt. No. 70);** |
| | **Defendants' Motion to Strike Declaration of Peter Weinstein (Dkt. No. 92);** |
| NEXBIO, INC., et al., | **Plaintiff's Motion to Withdraw (Dkt. No. 101);** |
| Defendants. | **and Motion to Strike Declaration of Robert Jaffe (Dkt. No. 106)** |

## I. INTRODUCTION

Plaintiff filed an action against Defendants alleging three federal claims and 26 state claims. The federal claims were dismissed without leave to amend and supplemental jurisdiction over the state claims was declined. Defendants now move for an award of $94,707 in attorney's fees. Defendants' motion is denied.

Plaintiff's counsel has moved to withdraw from representing Plaintiff in this litigation. Plaintiff counsel's motion is granted.

## II. MOTION FOR ATTORNEY'S FEES

### A. Legal Standards for Awards of Attorney's Fees

In the litigation leading up to the motion for attorney's fees, defense counsel soundly won every substantial legal contest and unquestionably vindicated their clients. Without question, Defendants qualify as prevailing parties on Plaintiff's three federal claims. Now Defendants seek an award of attorney's fees under federal fee-shifting provisions. Normally, each party must bear its own attorney's fees. However, Plaintiff's three federal claims were brought under the Copyright Act, the Patent Infringement Act, and the Lanham Act. Each one of these federal laws

1  have a specific attorney's fees provision which gives rise to the possibility of fee-shifting.

2  **B.   Attorney's Fees Under the Copyright Act**

3  Title 17, U.S.C. §505 of the Copyright Act states, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The decision to award fees under §505 must be based upon the following considerations: (a) the degree of success obtained; (b) frivolousness; (c) motivation; (d) objective unreasonableness; and (e) "the need in particular circumstances to advance considerations of compensation and deterrence." *Columbia Pictures TV v. Krypton Broadcasting*, 259 F.3d 1186, 1197 (9th Cir. 2001), *cert. denied*, 122 S.Ct. 1063 (2002).

10  Defendants focus on the fourth factor: "objective unreasonableness." Section 411 of the Copyright Act states, "...no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title...." In 1998, the Ninth Circuit observed, "[c]opyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). In this case, Plaintiff filed its action for copyright infringement before it had registered, or even applied for registration of, its copyright claim. On this basis, this Court dismissed the copyright cause of action for lack of jurisdiction. Defendants argue that Plaintiff's disregard for the jurisdictional requirement of §411 indicates Plaintiff acted in an objectively unreasonable manner. Because Plaintiff acted objectively unreasonably, Defendants argue, they are entitled to an award of attorney's fees under §505.

21  While the Copyright Act's jurisdictional prerequisites of *application* and *registration* appear to be clear in view of *Kodadek*, it is noted that at least one district court within the Ninth Circuit decided (after *Kodadek*) that the deficiency could be cured during the pendency of the federal action (as Plaintiff attempted to do here). *See Zito v. Steeplechase Films, Inc*, 267 F.Supp.2d. 1022, 1025 (N.D. Cal. 2003)(Whyte, J.); *contra Identity Arts v. Best Buy Enterprise Services, Inc.*, Case No. CV-05-4656PJH, slip op. 2006 WL 328423 (N.D. Cal. Feb 10, 2006)(Hamilton, J.). Consequently, while this Court ruled that jurisdiction of Plaintiff's copyright claim was lacking, it cannot say that Plaintiff's approach was objectively unreasonable.

Returning then to the five *Krypton* case factors, the Court declines to award attorney's fees under §505.  Concerning the first factor, while Defendants succeeded in obtaining dismissal of the copyright claims, the ruling did not reach the merits and Plaintiffs were able to re-assert their claims in a new proceeding.  Thus degree of success was small.  As to the second factor, the copyright claim was not frivolous.  The Defendants argue that the third factor, motivation, pulls in favor of a fee award.  They assert that the copyright claim was asserted simply in order to provide a basis for obtaining federal supplemental jurisdiction over the 26 state-law claims.  While that could be true, there is no evidence presented beyond what the pleadings imply.  More is required before improper motivation will be found.  For the fourth factor, as discussed above, although this Court found federal jurisdiction lacking, Plaintiff was not objectively unreasonable in pursuing the copyright claims.  Regarding the fifth factor, there is no advanced need here to either compensate Defendants or deter Plaintiff in sorting out the copyright privileges and obligations of commercial competitors.  Finally, the temporarily successful defense of the copyright claim did not in itself further the overall purposes of the Copyright Act.  *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 816 (9th Cir. 2003) (the question is whether a successful defense of the action furthered the purposes of the Copyright Act, not whether a fee award would do so).

For these reasons, the motion for an award of fees is denied for Defendants' work on the copyright claim.

**C.   Attorney's Fees Under the Patent Infringement Act**

Under the Patent Infringement Act, attorney's fees may be awarded in *exceptional cases*. "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  Title 35 U.S.C. §285.  To find a case is exceptional, "the exceptional nature of the case must be established by clear and convincing evidence."  *Cambridge Products, Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992).  "Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit."  *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003), *cert. denied*, 124 S.Ct. 1061 (2004) (citations omitted).

1    Judging by these standards, the case at bar does not qualify as an exceptional case. There
2 is no clear and convincing evidence of willful infringement, inequitable conduct before the P.T.O.,
3 misconduct during the litigation, vexatious litigation, or frivolous litigation. There is an argument
4 to be made that Plaintiff's §116 inventorship claim falls into the exceptional case category of
5 "unjustified litigation," because the Court of Appeals for the Federal Circuit made clear in its
6 decision in *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, n.1 (Fed. Cir. 2004), that there is
7 no cause of action under §116 prior to the issuance of a patent. *Eli Lilly* requires an issued patent
8 in order to file suit. Yet, the *Eli Lilly* decision found there had been a constructive amendment in
9 the district court when the patent was issued during the pendency of litigation. *Id.* While this
10 court knows of no case since *Eli Lilly,* of an §116 inventorship claim permitted to go forward
11 where the claim was filed prior to the issuance of a patent (like Plaintiff's), the Plaintiff might
12 have been hoping to accomplish a constructive amendment after issuance. Plaintiff's case, of
13 course, never proceeded that far. Yet, the possibility is sufficient to take the claim outside the
14 realm of an exceptional case of "unjustified litigation" in the absence of clear and convincing
15 evidence of bad faith or improper motivation. *See Cambridge Products*, 962 F.2d at 1050-51
16 ("exceptional cases are normally those of bad faith litigation or those involving fraud or
17 inequitable conduct by the patentee in procuring the patent") (citation omitted).
18    For these reasons, the Court does not find this case to be exceptional and declines to award
19 attorney's fees under §285.

20 **D.   Attorney's Fees Under the Lanham Act**

21    Under the Lanham Act, as under the Patent Infringement Act, attorney's fees may be
22 awarded in *exceptional cases*. "The court in exceptional cases may award reasonable attorney fees
23 to the prevailing party." Title 17 U.S.C. §1117(a). Fees under the Lanham Act may be warranted
24 when a plaintiff's case "is groundless, unreasonable, vexatious, or pursued in bad faith." *Mattel*,
25 353 F.3d at 816 (quoting *Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997)).
26    In this case there is no direct evidence that Plaintiff acted vexatiously or pursued the
27 Lanham Act claim in bad faith. This Court did find that the claim was "vague and confusing and
28 omit[ted] critical allegations," which is good reason to dismiss the claim with leave to amend.

Vague and confusing allegations do not, however, make a case exceptional. The real issue is that the gravamen of the claim was commercial plagiarism. That type of claim was ruled to be outside the realm of Lanham Act protection by the Supreme Court in *Dastar Corporation v. Twentieth Century Fox Film Corporation*, 539 U.S. 23 (2003). In the light of *Dastar*, Plaintiff's claim was fruitless and perhaps groundless.

There is no direct evidence, however, that Plaintiff's counsel was aware of *Dastar* and still proceeded in bad faith or vexatiously. In the same vein, it is not clear when Defendants' counsel became aware of *Dastar*'s significance. It bears noting that Defendants did not mention *Dastar* in their initial briefing in support of the motion to dismiss. If the significance of *Dastar* was obvious enough to attribute a bad motive to Plaintiff, one would expect the Supreme Court decision would occupy a prominent place in Defendants' motion to dismiss. Instead, mention of the decision was left to the reply brief.

Plaintiff's articulation of its Lanham Act claim left much to be desired, and ultimately it was found to be foreclosed by Supreme Court precedent. However, the sublimity of *Dastar*'s relevance to Plaintiff's Lanham Act claim is sufficient to convince this Court that this is not an exceptional case where the shifting of attorney's fees is warranted.

**E.   Conclusion**

Defendants' Motion for an Award of Attorney's Fees is Denied. Defendants' corollary Motion to Strike the Declaration of Peter Weinstein is also Denied.

### III. PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

Plaintiff's counsel moves to withdraw as counsel in this case. For the reasons set forth by counsel, the Motion to Withdraw is Granted. The corollary Motion to Strike the Declaration of Robert Jaffee is Denied as moot.

The Clerk of Court may close the file.

DATED: March 19, 2007

_____
Hon. Roger T. Benitez
United States District Judge